IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-470-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| NEILL P. GUY, II; GUY FAMILY TRUST; TCJ INVESTMENTS, INC.; and NORTH CAROLINA CUMBERLAND COUNTY, | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the United States's motion for sanctions (DE 34).[1] The time for response has passed, and, in this posture, the issues raised are ripe for ruling. For the following reasons, the motion is granted.

## BACKGROUND

As pertinent to the instant motion, the United States commenced the instant action on September 15, 2017, to collect unpaid assessments of federal taxes and statutory additions to tax made against defendant Neill P. Guy, II ("Guy"). On November 7, 2017, the United States filed amended complaint to include claims for relief to enforce corresponding federal tax liens against certain real properties (hereinafter, the "real properties") in which defendants Guy Family Trust and TCJ Investments, Inc. ("TCJ") have an interest.

---

[1] The United States's motion for default judgment (DE 35) will be addressed by separate order.

Count one of the complaint[2] seeks to reduce to judgment federal tax assessments against defendant Guy, comprising $13,086.86, plus interest and costs continuing to accrue. Count two seeks to reduce to judgment civil penalties against defendant Guy for failing to pay over withheld employee taxes for tax periods ending from 2001 to 2010, comprising $19,122,748.89, plus interest and costs continuing to accrue. Count three seeks to enforce federal tax liens against the real properties in which defendants Guy Family Trust and TCJ have an interest. The complaint asserts that defendant Guy has complete control and dominion over the Guy Family Trust and TCJ, and that such entities are alter egos of Guy. Defendant Cumberland County also may have an interest in such real properties.

Defendant Guy answered on January 22, 2018. The court entered default against defendants Guy Family Trust and TCJ on March 20, 2018. The United States and defendant Cumberland County filed a stipulation of issues resolved between them on March 26, 2018. Case management order entered March 26, 2018, set deadlines for discovery and dispositive motions, as well as other procedural requirements in this matter.

As pertinent herein, on January 9, 2019, the court granted the United States's motion to compel discovery responses from defendant Guy, providing 14 days for discovery to be served, and expressly warning that "his failure to comply with proper discovery requests and the instant order in this case may subject him to severe consequences, including the possibility of a judgment being entered against him as sanctions for failing to comply with those responsibilities." (Order (DE 33) at 2).

The United States filed the instant motion for sanctions on February 5, 2019, upon defendant

---

[2] Hereinafter, all references to the "complaint" or "Compl." are to the amended complaint filed November 7, 2017.

Guy's failure to respond to discovery as directed, seeking sanctions in the form of default judgment on the relief sought from defendant Guy in the complaint. By separate motion, the United States has sought default judgment against defendant Guy Family Trust and TCJ. The instant motion, as well as the motion for default judgment, is unopposed.

## COURT'S DISCUSSION

"If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery," the court may enter an order of sanctions, including "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2) & (d). This rule "gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989). When the sanction involved is judgment by default, the court must consider "a four-part test: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." Id.

Application of these factors requires the sanction of default judgment sought here. First, defendant Guy acted in bad faith by failing to participate in this matter. Second, this failure to respond prejudiced the United States by requiring it to expend resources moving to extend deadlines and compel discovery, rather than investigating the underlying claims. The evidence defendant Guy failed to produce is central to each of the United States's claims in this case, particularly where the third claim involves closely held entities and ability to foreclose upon tax liens on properties owned by such entities and their alter ego relationships.

Third, there is a need for deterrence, where conduct by defendant Guy does not serve the interests of efficient resolution of claims in this court. The conduct has required attention and resources of this court over an extended period of time, which conduct should be deterred by sanctions as an example for other litigants who seek to disregard discovery rules and orders. Finally, no lesser sanction will suffice, where many lesser sanctions, such as deeming facts admitted, will only serve the same purpose as default judgment, where the failure to respond impacts all claims in this case. Award of further costs or monetary sanctions serves no purpose, where tax liabilities in this matter already exceed $19 million.

In sum, Rule 37 supports an award of the sanction of default judgment against defendant Guy as sought here. Therefore, the court will enter judgment awarding default judgment against defendant Guy as sanctions. By separate order, the court also awards default judgment against defendants Guy Family Trust and TCJ, in accordance with the United States's motion for default judgment. The court will set forth its judgments in this matter in separate documents filed contemporaneously herewith.

**CONCLUSION**

For the foregoing reasons, the United States's motion for sanctions (DE 34) is GRANTED. Judgment will be entered contemporaneously in accordance with this order. Thereupon, the clerk is DIRECTED to close this case.

SO ORDERED, this the 9th day of April, 2019.

                                             LOUISE W. FLANAGAN
                                             United States District Judge