IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Case No. 5:17-cv-470 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NEILL P. GUY, II, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## JUDGMENT

For the reasons set forth in an order granting the United States' Motion for Sanctions, and in consideration of the default judgment entered against the Guy Family Trust and TCJ Investments, Inc., the Court hereby ORDERS, ADJUDGES, AND DECREES that:

1. As a sanction against Guy, by reason of the following tax assessments, Neill Guy is indebted to the United States for unpaid federal income taxes, interest, and penalties in the total amount of $13,086.86 as of September 25, 2017, plus interest and costs that have accrued after that date and will continue to accrue according to law.

| Tax Type | Tax Period Ending | Initial Assessment Date | Initial Assessment | Notice of Tax Lien Filed | Total Balance Due as of Sept. 25, 2017 |
|---|---|---|---|---|---|
| Income-Form 1040 | 12/31/2009 | 3/14/2011 | $7,286.00 | 4/13/2011 | $11,347.65 |
| Income-Form 1040 | 12/31/2011 | 6/30/2014 | $3,206.00 | 9/15/2014 | $464.03 |
| Income-Form 1040 | 12/31/2012 | 6/30/2014 | $2,727.00 | 9/15/2014 | $212.41 |
| Income-Form 1040 | 12/31/2013 | 7/7/2014 | $3,765.00 | 9/15/2014 | $1,062.77 |

2. As a sanction against Guy, by reason of the foregoing tax assessments, Neill Guy is indebted to the United States for federal tax, interest, and penalties in the total amount of $19,122,748.89 as of September 25, 2017, plus interest and costs that have accrued after that date and will continue to accrue according to law.

| Tax Type | Tax Period Ending | Initial Assessment Date | Initial Assessment | Notice of Tax Lien Filed | Total Balance Due as of Sept. 25, 2017 |
|---|---|---|---|---|---|
| 26 U.S.C. § 6672 | 6/30/2001 | 9/17/2007 9/24/2007 | $146,727.30 $62,545.51 | 12/22/2008 4/23/2013 | $196,178.97 |
| 26 U.S.C. § 6672 | 9/30/2001 | 9/17/2007 9/24/2007 | $176,523.64 $110,769.57 | 12/22/2008 4/23/2013 | $422,943.73 |
| 26 U.S.C. § 6672 | 12/31/2001 | 9/17/2007 9/24/2007 | $179,870.86 $142,652.16 | 12/22/2008 4/23/2013 | $474,766.58 |
| 26 U.S.C. § 6672 | 3/31/2002 | 9/17/2007 9/24/2007 | $262,007.43 $22,556.31 | 12/22/2008 4/23/2013 | $419,122.29 |
| 26 U.S.C. § 6672 | 6/30/2002 | 9/17/2007 9/24/2007 | $135,630.07 $266,438.63 | 12/22/2008 4/23/2013 | $591,660.88 |
| 26 U.S.C. § 6672 | 9/30/2002 | 9/17/2007 9/24/2007 | $124,684.68 $336,498.32 | 12/22/2008 4/23/2013 | $678,580.29 |
| 26 U.S.C. § 6672 | 12/31/2002 | 9/17/2007 9/24/2007 | $292,166.13 $149,222.26 | 12/22/2008 4/23/2013 | $649,844.94 |
| 26 U.S.C. § 6672 | 3/31/2003 | 9/17/2007 9/24/2007 | $340,818.70 $133,468.43 | 12/22/2008 4/23/2013 | $698,341.62 |
| 26 U.S.C. § 6672 | 6/30/2003 | 9/17/2007 9/24/2007 | $167,685.43 $160,820.99 | 12/22/2008 4/23/2013 | $239,231.21 |
| 26 U.S.C. § 6672 | 9/30/2003 | 9/17/2007 9/24/2007 | $149,835.96 $352,896.52 | 12/22/2008 4/23/2013 | $739,747.22 |
| 26 U.S.C. § 6672 | 12/31/2003 | 9/17/2007 9/24/2007 | $317,088.63 $180,998.20 | 12/22/2008 4/23/2013 | $733,292.16 |
| 26 U.S.C. § 6672 | 3/31/2004 | 9/17/2007 9/24/2007 | $162,384.36 $388,159.58 | 12/22/2008 4/23/2013 | $810,095.71 |
| 26 U.S.C. § 6672 | 6/30/2004 | 9/17/2007 9/24/2007 | $228,835.94 $375,369.20 | 12/22/2008 4/23/2013 | $889,169.57 |
| 26 U.S.C. § 6672 | 9/30/2004 | 9/17/2007 9/24/2007 | $494,414.54 $221,624.26 | 12/22/2008 4/23/2013 | $1,054,251.94 |
| 26 U.S.C. § 6672 | 12/31/2004 | 9/17/2007 9/27/2007 | $524,899.94 $267,258.46 | 12/22/2008 4/22/2013 | $1,164,930.05 |
| 26 U.S.C. § 6672 | 3/31/2005 | 9/17/2007 9/24/2007 | $452,777.30 $224,406.51 | 12/22/2008 4/22/2013 | $997,010.80 |

| Tax Type | Tax Period Ending | Initial Assessment Date | Initial Assessment | Notice of Tax Lien Filed | Total Balance Due as of Sept. 25, 2017 |
|---|---|---|---|---|---|
| 26 U.S.C. § 6672 | 6/30/2005 | 9/17/2007 9/24/2007 | $276,795.77 $175,878.89 | 12/22/2008 4/22/2013 | $279,483.90 |
| 26 U.S.C. § 6672 | 12/31/2008 | 9/16/2013 | $112,819.74 | 11/18/2013 | $104,199.25 |
| 26 U.S.C. § 6672 | 3/31/2009 | 9/16/2013 9/23/2013 | $465,786.81 $603,108.88 | 11/25/2013 | $1,223,728.18 |
| 26 U.S.C. § 6672 | 6/30/2009 | 9/16/2013 9/23/2013 | $398,093.09 $719,370.94 | 11/25/2013 | $1,279,259.02 |
| 26 U.S.C. § 6672 | 9/30/2009 | 9/16/2013 9/23/2013 | $438,528.83 $575,168.16 | 11/25/2013 | $1,160,518.77 |
| 26 U.S.C. § 6672 | 12/31/2009 | 9/16/2013 9/23/2013 | $408,283.39 $520,385.31 | 11/25/2013 | $1,063,179.46 |
| 26 U.S.C. § 6672 | 3/31/2010 | 9/16/2013 9/23/2013 | $263,509.39 $511,912.30 | 11/25/2013 | $887,684.80 |
| 26 U.S.C. § 6672 | 6/30/2010 | 9/16/2013 9/23/2013 | $257,562.79 $575,447.21 | 11/25/2013 | $953,593.73 |
| 26 U.S.C. § 6672 | 9/30/2010 | 9/16/2013 9/23/2013 | $281,212.25 $473,595.57 | 11/25/2013 | $864,102.77 |
| 26 U.S.C. § 6672 | 12/31/2010 | 9/16/2013 9/23/2013 | $57,533.90 $421,074.92 | 11/25/2013 | $547,831.05 |

3. As a sanction against Guy, the Court finds that the Guy Family Trust and TCJ are alter egos of Neill Guy, and the United States should be authorized to collect his federal tax liabilities from those entities. Pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens arose in favor of the United States on the dates of the assessments described above, and attached to all property and rights to property belonging to Neill Guy or his alter egos as of that date or thereafter acquired, including the Real Properties that were titled in the names of his alter egos (*i.e.*, the Guy Family Trust and TCJ). Those Real Properties are located at 3610 Village Drive, Fayetteville, North Carolina; 2690 Lake Upchurch Drive and adjacent lot 0 Lake Upchurch Drive, Fayetteville, North Carolina; and 2223 Carbine Street, Fayetteville, North Carolina.

4. As a sanction against Guy, the United States is authorized to collect the unpaid tax liabilities of Neill Guy from him individually as well as the Guy Family Trust and TCJ Investments, Inc. (*i.e.*, his alter ego entities). The federal tax liens attaching to the Real Properties shall be foreclosed, and the properties shall be sold according to law, free and clear of any right, title, lien, claim, or interest of any other person, and the proceeds of the sale be distributed in accordance with the rights of the parties.

SO ORDERED.

Date:   April 9  , 2019

*[signature: Louise V. Flanagan]*
The Honorable Louise W. Flanagan
United States District Judge